IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CARLOS H. ORTIZ COLÓN;
MARIBEL RODRÍGUEZ RÍOS;
VAQUERÍA ORTIZ RODRÍGUEZ, INC.

Debtors

CASE NO. 16-0060 (ESL)

CHAPTER 12

OPINION AND ORDER

This case is before the court upon the *Motion to Dismiss* (Docket No. 20) filed by secured creditor Condado 4 LLC arguing that the Debtors aggregate debts exceed the amount established in Section 101(18)(A) of the Bankruptcy Code. The Debtors did not contest the *Motion to Dismiss* and instead filed a *Motion to Convert* their Chapter 12 case into a Chapter 11 (Docket No. 22). Condado 4 countered that a Chapter 12 case cannot be converted into a Chapter 11 under Section 1208 of the Bankruptcy Code. See Docket Nos. 28, 31 and 42. The Debtors and the Chapter 12 Trustee propose that conversion from Chapter 12 to Chapter 11 is possible. See Docket Nos. 28, 30 and 36. For the reasons stated herein, the *Motion to Convert* (Docket No. 22) is hereby denied and the *Motion to Dismiss* is hereby granted.

Procedural Background

On January 11, 2016, Carlos H. Ortiz Colón and Maribel Rodríguez Ríos filed a Chapter 12 bankruptcy petition (the "Petition"). See Docket No. 1.

Also on January 11, 2016, Vaquería Ortiz Rodriguez Inc. filed a Chapter 12 bankruptcy petition. See Case No. 16-00063 Docket No. 1.

On that same date, Debtors filed a *Motion for Substantive Consolidation* (Docket No. 4).

On February 3, 2016, the Court enter an *Order* granting the Debtors' *Motion for Substantive Consolidation*. See Docket No. 11.

In their schedules, the Debtors listed secured claims in the amount of $4,360,385.64, all of which are liquid, undisputed, and not contingent. Similarly, the Debtors listed unsecured claims in the amount of $129,304.42, all of which are liquid, undisputed, and not contingent.

Thus, the Debtors' aggregate debts amount to $4,489,690.06 as reported.

On February 18, 2016, Condado 4 filed a *Motion to Dismiss* (Docket No. 20) arguing that the Debtors were ineligible for Chapter 12 relief under 11 U.S.C. § 101(18)(A).

On March 14, 2016, the Debtors filed a filed an *Answer to Motion to Dismiss and Motion to Convert Case 16-00060 ESL to a Chapter 11 Case* (the "*Motion to Convert*", Docket No. 22).

On March 16, 2016, the Court entered an *Order* (Docket No. 24) for the Chapter 12 and Condado 4 to state their respective positions as to the Debtors' *Motion to Convert*.

On March 16, 2016, Condado 4 filed an *Opposition to Conversion to Chapter 11* (Docket No. 25) in compliance with the Court's Order sustaining that Section 1208 of the Bankruptcy Code and its legislative history do not allow conversions from Chapter 12 cases to Chapter 11.

On March 18, 2016, the Chapter 12 Trustee filed his *Position in Compliance with Order* (the "*Position*", Docket No. 27) arguing in favor of the conversion to Chapter 11 stating that Section 1208 of the Bankruptcy Code does not literally forbid conversions from Chapter 12 cases to Chapter 11 and that case law allows such conversions if the Chapter 12 case is filed in good faith, there is no prejudice to creditors, and the conversion of the case would be equitable.

Also on March 18, 2016, Condado 4 filed a *Reply to Chapter 12 Trustee's Motion in Compliance* (Docket No. 28) arguing that while there is no authority on the subject in our First Circuit, courts in other districts are divided on whether conversions from Chapter 12 to Chapter 11 are possible: some courts have allowed the conversion of Chapter 12 case to a Chapter 11 if the Chapter 12 case is filed in good faith, there is no prejudice to creditors, and the conversion of the case would be equitable, while other courts have denied conversions from Chapter 12 to Chapter 11 under the premise that Congress and the legislative history of Section 1208 do not authorize them. Condado 4 further sustained that one court that weighed both arguments, i.e. In re Roeder Land & Cattle Co., 82 B.R. 536, 537 (Bankr. D. Neb. 1988), ruled against conversions from Chapter 12 to Chapter 11 based on the legislative history of Section 1208 of the Bankruptcy Code.

On March 19, 2016, the Debtors filed a *Reply to Condado 4's Opposition to Conversion*

*[] and [] Reply to Chapter 12 Trustee's Motion in Compliance with Order* (Docket No. 30) asserting that they had filed their Chapter 12 case in good faith, that creditors would not be prejudiced by the conversion to Chapter 11 and that such conversion would not be inequitable. The Debtors state that Condado 4 "do[es] not mention how the dismissal will favor creditors or the debtors" and "fails to state what benefit if any will result to any party from the dismissal". Id. at p. 4, ¶ 12. They further conclude that "conversion will do no harm to any of the parties including Condado 4 LLC" and that it "will allow all creditors to retain the same rights they have today and also procure judicial economy". Id., pp. 6-7.

On March 25, 2016, Condado 4 filed a *Response to the Debtors' Reply to Opposition* (Docket No. 31) briefing the Court on the legislative history of Section 1208 and comparing it to the analog conversion provisions for other chapters of the Bankruptcy Code. In addition, Condado 4 asserted that Section 105 of the Bankruptcy Code, which governs the Bankruptcy Court's use of equitable powers, is not a roving writ, and in our First Circuit it may only be invoked to preserve an identifiable right conferred elsewhere in the Bankruptcy Code. Id.

On April 8, 2016, the Chapter 12 Trustee filed a *Motion Supplementing His Position [] in Compliance with Order* (the "*Motion to Supplement*", Docket No. 39) reasserting that conversion from Chapter 12 to Chapter 11 is plausible because Section 1208 of the Bankruptcy Code does not expressly prohibit it and that the "omission [in Section 1208] to provide for the conversion of a Chapter 12 case to a Chapter 11 or 13, cannot be interpreted as a limitation on the Chapter 12 debtor to convert to those chapters, if he qualifies as debtor in either of those chapters" (Docket No. 39, p. 3, ¶ 7).

On April 5, 2016, the Debtors filed an *Emergency Motion for the Use of Cash Collateral* (Docket No. 35) requesting the Court to use Condado 4's cash collateral to pay ordinary expenses pursuant to a budget thereto.

On April 19, 2016, the Condado 4 filed an *Opposition to the Emergency Motion for the Use of Cash Collateral* (Docket No. 40) asserting that the Debtors had not met their burden to demonstrate that Condado 4 was adequately protected.

On April 23, 2016, Condado 4 filed a *Response to Motion Supplementing [the Chapter 12 Trustee's] Position [] in Compliance with Order* (Docket No. 42) arguing that the cases that have ruled in favor of conversion have all implicitly used the equitable powers under Section 105 of the Bankruptcy Court as grounds to convert and that in our First Circuit, such section does not "authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity".  Id., p. 2, ¶ 7.

On May 5, 2016, the Court entered an *Order and Notice* (Docket No. 46) scheduling a hearing to consider the emergency use of cash collateral and opposition thereto for May 25, 2016.

Also on May 5, 2016, the Court entered another *Order and Notice* (Docket No. 47) scheduling a hearing to consider the *Motion to Dismiss*, *Motion to Convert* and related motions for July 12, 2016.

On May 25, 2016, the Court held the hearing to consider the use of cash collateral.  The parties presented their respective proffers of evidence and positions regarding the matter scheduled for a hearing, that is, debtor's request to use cash collateral and the opposition by Condado.  The Court discussed the applicable law and the uncontested facts.  There is no dispute, for the purpose of the hearing, that the amounts owed to Condado and the security interest guaranteeing same, are as stated in Condado 4's Proof of Claim No. 14.  The Court, at Condado's request and Debtor's agreement, proceeded to discuss two critical matters scheduled for a hearing to be held on July 12, 2016, that is, Condado's *Motion to Dismiss* and Debtors' *Motion to Convert* to Chapter 11.  Upon the proffers by the parties, the court deemed uncontested that the Debtors exceed the amounts in the definition of family farmer in 11 U.S.C. § 101(18)(A), which makes a Chapter 12 inapplicable to them.  In regards to the conversion, the Court discussed the two lines of cases in favor and against conversion from Chapter 12 to Chapter 11.  First, In re Christy, 80 B.R. 361 (Bankr. E.D. Va. 1987), which holds that debtors are precluded to convert a Chapter 12 case to Chapter 11 under Section 1208 of the Bankruptcy Code.  Second, In re Miller, 177 B.R. 551 (Bankr. N.D. 1994), which allows conversion under certain circumstances.  The Court, after discussing the legal issues recessed to allow the parties to discuss same and to reach a settlement

agreement. The parties did not reach an agreement. After hearing and considering the arguments by counsel for the Debtors, Condado and the Chapter 12 Trustee, opted to follow In re Christy under the particular facts of the case, and denied the conversion to Chapter 11. The case was dismissed in open court. See *Minute Entry* (Docket No. 51) and *Audio File* (Docket No. 52).

Applicable Law and Analysis

Section 1208 of the Bankruptcy Code governs dismissals and conversions of Chapter 12 cases as follows:

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including---

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1221 of this title;

(4) failure to commence making timely payments required by a confirmed plan;

(5) denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1230 of this title, and denial of confirmation of a modified plan under section 1229 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan;

(9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; and

(10) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

(d) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.

(e) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 1208.

"There is no provision in Chapter 12 allowing for the conversion of a case from Chapter 12 to either Chapter 11 or 13." Hon. Joan Feeney *et al.*, Bankruptcy Law Manual, § 12:10 (5th ed. 2015). Also see In re Orr, 71 B.R. 639, 641 (Bankr. E.D.N.C. 1987) ("[t]here is no provision in chapter 12 which specifically authorizes conversion of a case under chapter 12 to a case under chapter 11"); In re Overacker, 2002 Bankr. LEXIS 1928, at *3, 2002 WL 33939740, at *1 (Bankr. D. Idaho 2002 ("[w]hile a Chapter 12 debtor may convert a case to a Chapter 7 case at any time, [some courts] have held that 11 U.S.C. § 1208 contains no similar provision allowing conversion of a Chapter 12 case to Chapter 11").

In our First Circuit, there is no current authority on conversions from Chapter 12 cases to Chapter 11. Courts in other districts, however, are split in favor and against such conversions. For instance, some courts have determined that a Chapter 12 debtor may convert the Chapter 12 case to a Chapter 11 with the permission of the court. The leading case in support of that trend is In re Orr, *supra*. Also see In re Miller, 177 B.R. 551 (Bankr. N.D. Ohio 1994); In re Vaughan, 100 B.R. 423 (Bankr. S.D. Ill. 1989); In re Bird, 80 B.R. 861 (Bankr. W.D. Mich. 1987). In such cases, conversion to Chapter 11 has been permitted if three criteria are met: when the debtor has filed the Chapter 12 case in good faith, there is no prejudice to creditors, and the conversion of the case would be equitable. See In re Orr, 71 B.R. at 643 ("the court may in its discretion permit conversion to chapter 11 where the where the chapter 12 petition was filed in good faith, creditors will not be prejudiced by the conversion, and conversion would not be otherwise inequitable").

Other courts, however, have denied conversions from Chapter 12 to Chapter 11 under the premise that Congress did not authorize them. For instance, In re Christy, 80 B.R. 361, 364 (Bankr. E.D. Va. 1987), analyzed Section 1208 of the Bankruptcy Code to reach the following conclusion:

> The Bankruptcy Code contains rather detailed provisions relating to the conversion of bankruptcy cases from one code chapter to another. See, 11 U.S.C. Sections 706, 1112, 1208, 1307 (West Supp. 1987). In chapter 12 cases, Section 1208 provides for conversion of a chapter 12 case to a case under chapter 7, but the section is silent as to the authority to convert a chapter 12 case to a case under chapter 11 or chapter 13. By contrast, the conversion sections of the other chapters specifically allow for extensive conversion. Section 706 authorizes conversion of a chapter 7 case to a case under either chapter 11, 12 or 13; Section 1112 allows for conversion of a chapter 11 case to a case under chapter 7, 12 or 13; and under Section 1307 a chapter 13 case may be converted to a case under chapter 7, 11 or 12. The conditions for a particular conversion are set out in each code section.

> Given this statutory scheme for conversion of cases, the omission of code language allowing for conversion of a chapter 12 case to a case under chapter 11 under any circumstances is conspicuous. Moreover, the legislative history for chapter 12 indicates that the omission of this authority from Section 1208 was intentional and that Congress opted to deny a chapter 12 debtor the ability to convert a chapter 12 case to a case under chapter 11 or chapter 13.

> The creation of a new chapter in the Bankruptcy Code to deal with problems facing the family farmer traces its origins to committee activity in the Senate. On November 12, 1985, two subcommittees of the Senate Committee on the Judiciary held hearings to investigate the farm bankruptcy dilemma. In those hearings a draft of a proposed chapter 12 was submitted to the subcommittees for their consideration. This proposed bill sought to combine the best aspects of chapter 11 and chapter 13 into one new chapter specifically designed for the family farmer. *See, Farm Bankruptcy the Question of the Remedies Available to Debtors and Creditors Under Bankruptcy, How They Relate to the Great Plight of the American Farm and the Farm Family: Hearings Before the Subcomms. on Administrative Practice and Procedure, and Courts of the Senate Comm. on the Judiciary,* 99th Cong., 1st Sess. 209 (1985) [hereinafter Hearing] (draft of chapter 12 and commentary). This proposed bill appears to have formed the basis for Senator Charles E. Grassley's and Senator Strom Thurmond's push for the creation of chapter 12. *See,* S. 2249, 99th Cong., 2nd Sess., 132 Cong. Rec. S3528-32 (daily ed. March 26, 1986); 132 Cong. Rec. S5549-53, S5555-58 (daily ed. May 7, 1986) (Amendment No. 1838 to S. 1923 by Senator Grassley); 132 Cong. Rec. S5613-19 (daily ed. May 8, 1986) [hereinafter Amendment I] (further consideration of Grassley Amendment No. 1838 to S. 1923); 132 Cong. Rec. S11,906-07, S11,991-S12,001 (daily ed. August 15, 1986) [hereinafter Amendment II] (Amendment No. 2772 to H.R. 5316 by Senator Thurmond).

In the Senate, consideration of two major bills, Senate Bill 1923 and House Bill 5316, preceded the passage and signing of the Bankruptcy Judges, United States Trustees, and Family Farmer Act of 1986, Pub. L. 99-554. S. 1923, 99th Cong., 1st Sess. (1985); H.R. 5316, 99th Cong., 2nd Sess. (1986). Although both bills did not originally contain a measure for farm bankruptcy, both bills were amended by the Senate to include provision for chapter 12. After amendment both of these bills contained the following conversion provision:

> Section 1210. Conversion or dismissal
>
> …
>
> (b) If a person, in good faith, files a petition for relief under this chapter, but is not a family farmer, such person may convert the case to a case under chapter 7, 11, or 13 if such person may be a debtor under the chapter to which the case is being converted.

Amendment I, *supra* p. 4, at S5619, S5645 (Senate amending and passing H.R. 2211 in lieu of S. 1923); and Amendment II, *supra* p. 4, at S11, 907, S11, 992.

Although these early versions of chapter 12 contained limited authority to convert a case under chapter 12 to a case under chapter 7, chapter 11 or chapter 13, when the final conference report on the Bankruptcy Judges, United States Trustees, and Family Farmer Act of 1986 was agreed to by the Senate and the House of Representatives, the language allowing a good faith conversion had been deleted. 132 Cong. Rec. H8986-9002 (daily ed. Oct. 2, 1986) (conference report on H.R. 5316), and 132 Cong. Rec. S15, 074-94 (daily ed. Oct. 3, 1986) (conference report on H.R. 5316).

The removal of the good faith conversion provision from the final bill is at least an indication that Congress specifically rejected the concept of allowing a debtor to convert a chapter 12 case to a case under chapter 11 or (chapter 13). Support for this conclusion may be found in the commentary accompanying the Senate version of chapter 12 which suggests that there were concerns about debtors filing under the new chapter and then converting their cases after having had the protections of the new chapter 12. 132 Cong. Rec. S5557 (daily ed. May 7, 1986) (statement of Senator Grassley and printing of section by section analysis of Family Farm Reorganization Act of 1986); *see also,* Hearings, *supra* p. 4, at 209.

Therefore, even though the Court finds the debtors in this case acted in good faith and have not attempted the type of manipulation that was of concern to Congress, this Court is reluctant to supply the legislative omission from Section 1208 by allowing the debtors to convert to a chapter not specifically authorized by the code.

In re Christy, 80 B.R. at 362-363.  Thus, the Christy Court denied the conversion of a Chapter 12 case to a Chapter 11.  Id. at 364.  Also see In re Roeder Land & Cattle Co., 82 B.R. at 537 (citing and adopting In re Christy to conclude that "[i]n light of the legislative history of the Bill and the general legislative concern that there was room for abuse if the Debtor could convert from Chapter

12, which is a reorganization chapter to one of the other reorganization chapters (Chapter 11 or Chapter 13), [the court] conclude[s] that conversion should not be permitted"); In re Stumbo, 301 B.R. 34, 36-37 (Bankr. S.D. Iowa 2002) ("With respect to whether section 1208 permits conversion from Chapter 12 to Chapter 11, there is no controlling case law on point. Accordingly, the Court begins with a plain reading of the statute quoted above and finds the answer is in the negative. That is especially clear when section 1208 is compared with similar sections found in Chapters 7, 11 and 13 of the United States Bankruptcy Code. If Congress had intended that a Chapter 12 debtor could convert the case to one under Chapter 11, it easily could have enacted a specific provision to that effect.")

The Court also finds that cases following and citing In re Orr, *supra*, and In re Miller, *supra*, which have applied its analysis in favor of conversion have implicitly used the equitable powers under Section 105 of the Bankruptcy Court to allow conversion.

The U.S. Bankruptcy Court's "equitable powers ... must and can only be exercised within the confines of the Bankruptcy Code". Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S. Ct. 963, 99 L. Ed. 2d 169 (1988). Also see HSBC Bank USA v. Branch (In re Bank of New Engl. Corp.), 364 F.3d 355, 362 (1st Cir. 2003) ("equitable powers possessed by bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code").

Section 105 of the Bankruptcy Code does not "authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity". 2-105 Collier on Bankruptcy ¶ 105.01 (15th 2016). Hence, in Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002), the U.S. Court of Appeals for the First Circuit (the "First Circuit") ruled as follows:

> [S]ection 105(a) does not provide bankruptcy courts with a roving writ, much less a free hand. The authority bestowed thereunder may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code.

In re Jamo, 283 F.3d at 403.

The reasoning by our First Circuit is in harmony with In re Christy:

The bankruptcy court, being a court of limited jurisdiction and power, possesses only those powers authorized by Congress. Accordingly, this Court should not exercise its equitable powers in a manner inconsistent with the provisions of the Bankruptcy Code. Johnson v. First Nat'l Bank of Montevideo, Minnesota, 719 F.2d 270, 273 (8th Cir. 1983), cert. denied 465 U.S. 1012, 104 S. Ct. 1015, 79 L. Ed. 2d 245 (1984). A strict and reasonable interpretation of Section 1208 in light of its legislative history requires the denial of the debtors' motion to convert.

In re Christy, 80 B.R. at 363-364.

The Court heard and considered both arguments in favor and against conversion. The Court further heard and considered arguments on the three prongs of conversion under In re Orr, supra, and In re Miller, supra. Under the particular facts of the case, the Court follows In re Christy, supra, which precludes conversion from Chapter 12 case to Chapter 11. Thus, because it is undisputed that the Debtors surpass the amounts established in Section 101(18)(A) of the Bankruptcy Code, the pending *Motion to Dismiss* is hereby granted.

## Conclusion

For the reasons stated herein, the Debtors' *Motion to Convert* (Docket No. 22) is hereby denied and Condado 4's *Motion to Dismiss* (Docket No. 20) is hereby granted. Therefore, the case is hereby dismissed.

In San Juan, Puerto Rico, this 21 day of June, 2016.

Enrique S. Lamoutte
U.S. Bankruptcy Judge

-10-